Moritz Ehrenreich, Respondent, *v.* Joseph J. Berkowitz, Appellant.

Sarah Ehrenreich, Respondent, *v.* Joseph J. Berkowitz, Appellant.

First Department, December 28, 1928.

*Robert H. Charlton* of counsel [*John T. Loughran* with him on the brief], for the appellant.

*Alfred R. Page* of counsel [*Harold M. Phillips*, attorney], for the respondents.

McAvoy, J. Plaintiffs each had a judgment in these cases on separate verdicts. Plaintiffs are husband and wife, the one suing for her injuries and the other for medical expenses and deprivation of the companionship of the wife.

The plaintiff Sarah Ehrenreich in October, 1924, with her daughter-in-law was in defendant's building at No. 316 Grand street, borough of Manhattan, to purchase furniture. Defendant himself took them in an elevator from the ground floor to an upper floor, and then took them back in the elevator to the street floor from which they had originally entered the elevator. In leaving the elevator on the ground floor, this plaintiff fell and sustained the injuries of which she complains.

It was contended here by appellant that the learned trial court permitted the plaintiff wife to recover for the negligent operation of the elevator by the defendant in opening the door of the shaft while the elevator was a few feet below the street floor, so that she stumbled and fell as she went out due to the difference in level, although the testimony of the woman was that as she was getting out of the elevator while it was below the level of the street floor, the operator started it and the jerk of the elevator at that time threw her out, and that thus the issue defined by the plaintiff and upon which the litigation was conducted was not that upon which the jury found the verdict.

Plaintiff's proof in respect of the cause of the accident was that the starting of the elevator when it was below the ground floor and the door of the shaft was open as she was about to alight, caused her injuries. The version of defendant and his witnesses was that plaintiff's theory was impossible because the elevator was equipped in such manner that it could not be jerked up or even moved if the door was open. This was the issue.

The defendant excepted to a charge of the trial court on negligence in general and asked that the jury be instructed that unless plaintiff was injured as she described by defendant's negligently jerking the elevator up after it came to a stop below the level of the floor as she was attempting to alight, she could not recover; and that the jury was only to pass upon that point; and if they believed that the elevator was not jerked up two or three feet, the verdict should be for the defendant. These requests were denied, and after the jury went out they came in and asked if,

when the elevator door was opened while the floors of the building and of the elevator were on different levels, such conduct was negligence on the part of the elevator operator. The court answered that whether or not such operation was negligence was for the jury to determine in the light of all the evidence as a question of fact, bearing in mind the law already charged. He stated that the rule is: " What would a reasonably careful and prudent man have done under the circumstances? " Although there was no exception taken to this supplemental charge since counsel was not present, the point of law was presented by the previous request and its refusal.

We think this charge took away from the decision of the jury a finding on the distinct fact alleged upon which negligence was predicated by the plaintiffs. The charge of the court was so pronounced that the jury could find, even though plaintiff testified falsely as to the jerking up of the elevator, and the defendant's proof was correct in respect of the impossibility of moving the elevator after the door was opened, that defendant was guilty of negligence for stopping the elevator below the floor level and inviting the passengers out. Even if such a situation would establish a neglectful act, no such issue was presented by the proof, and the jury, therefore, could not find under the proof of plaintiff any such basis of negligence.

The judgments should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRILL, FINCH and PROSKAUER, JJ., concur.

Judgments reversed and a new trial ordered, with costs to the appellant to abide the event.