■ STANLEY PASSAFARO, an Infant, by His Guardian ad Litem, ANTHONY PASSAFARO, et al., Respondents, v. BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— Judgment, Supreme Court, New York County, entered on May 3, 1973, in favor of plaintiff in the amount of $50,000, is unanimously reversed, on the law, and vacated, and a new trial is directed, without costs and without disbursements. The plaintiff, who attended public school at the time of the accident, testified that although he arrived for gymnasium class without sneakers, he was nevertheless instructed "to take off my shoes and work out in my stockings — socks." He was then assigned to the activity of tumbling, and after being instructed in the manner in which to perform such activity, he ran toward the mat, from about 10 feet away, and was about to spring forward when his "feet fell from under [him] and [he] fell on [his] arm." The evi-

dence established, and indeed the defendant agrees, that permitting a person to exercise upon a gymnasium floor in stocking feet is "bad practice", as it would not provide sufficient traction. However, defendant denied that plaintiff had been given such permission and indeed, the gymnasium instructor testified that plaintiff had been directed to stay at the side of the gymnasium and to merely observe the activities. Therefore, a clear question of fact was presented with respect to whether plaintiff, by engaging in the activity in stocking feet, was following the instructor's directions or was proceeding in disregard of the instructions given to him. Nevertheless, throughout the trial, the plaintiff injected evidence with respect to whether sufficient supervision had been provided, considering the numbers and type of students present in the gymnasium at the time of the accident. And, in the charge to the jury, the court in effect instructed the jury that recovery could be predicated upon either of two theories, i.e.: (1) because of the improper instruction to exercise in stocking feet or (2) because of the failure to provide adequate or sufficient supervision for the students then present in the gymnasium. With respect to the latter theory, objection was taken, the defendant stating that "the plaintiff's case is not inadequate supervision but he was directed to do an act in his stocking feet." We believe that the evidence submitted at the trial cannot support a conclusion that the accident occurred because of the failure to generally provide sufficient supervision to the group of students and accordingly, the judgment must be reversed. (See *Durham* v. *Metropolitan Elec. Protective Assn.*, 27 A D 2d 818.) Even if it can be said that the evidence established that the defendant should have had additional instructors or group leaders, considering the numbers of students in the gymnasium, the plaintiff, by his own testimony, attributed the accident not to a failure to provide sufficient supervision, but to an affirmative direction to participate in an activity although the instructor knew that the plaintiff did not have the required equipment and that it was hazardous to permit one to exercise on the gymnasium floor in his stocking feet. The contention, therefore, that the accident occurred because of the failure to provide enough supervision is incompatible with the evidence submitted by the plaintiff, and cannot form the basis for recovery (*Ehrenreich* v. *Berkowitz,* 225 App. Div. 68). Moreover, the improper supervision could not have been the proximate cause of the accident regardless of whether the plaintiff's or defendant's testimony was accepted by the jury. If plaintiff's testimony was accepted, then the accident occurred because he followed an improper direction. And since he testified that his feet slipped before he reached the mat — it does not appear that even student leaders positioned near the mat could have prevented the accident. And if the jury rejected plaintiff's testimony with respect to the improper instruction, it would have been left with the testimony of the defendant that the plaintiff participated in the activities after being instructed not to, and that he did so in such a spontaneous manner that the failure to provide general supervision could not have prevented his actions. The Board of Education is not an insurer of the student's safety (*Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306) and is not required to provide such continuous supervision that it controls the movements of all the students at all times. (See *Wilber* v. *City of Binghamton*, 271 App. Div. 402.) Accordingly, the judgment should be reversed and a new trial granted. Concur — Nunez, J. P., Kupferman, Murphy and Tilzer, JJ.