■ SIMONA TOTAN et al., Appellants, v BOARD OF EDUCATION

OF THE CITY OF NEW YORK, Respondent.—In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Lerner, J.), entered March 24, 1986, which, after a jury trial on the issue of liability only, and upon denying their motion to set aside that branch of the verdict finding the infant plaintiff 25% at fault in the happening of the accident, and granting the defendant's cross motion to set aside that branch of the verdict finding it 75% at fault, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

On June 4, 1982, the infant plaintiff, then an 11-year-old, fifth-grade pupil at P.S. 88 in Queens, was injured while playing the game of "Red Rover" in the school yard during lunch recess. According to the testimony presented at the trial, school regulations prohibited children from engaging in this game which involved running and pushing through a line of children linked together hand to hand. At the time of the accident, five school aides and one teacher were on duty supervising the approximately 250 to 275 children in the school yard. However, none apparently witnessed the accident resulting in the alleged injuries.

In presenting their case, the plaintiffs relied solely upon the testimony of the infant plaintiff and that of a school aide, Mrs. McCarthy, who assisted the injured child after the accident. The plaintiffs' position was essentially that the school personnel on duty knew or should have known that the infant plaintiff was engaged in a dangerous activity with other pupils and, despite adequate notice, failed to put a stop to the game prior to the accident. The defendant's counterposition was that it provided reasonable supervision and did not have actual or constructive notice that the infant plaintiff and a small group of pupils were engaged in the subject activity so as to be able to prevent its continuance prior to the accident.

The plaintiffs did not dispute the statement in a school accident report that the accident occurred at 1:16 P.M. The infant plaintiff testified that she joined the other children in the school yard after lunch at about 1:00 P.M. As she entered the school yard, she observed that Mrs. McCarthy was standing in the yard along with other teachers and school aides. Although the infant plaintiff testified that she and a group of children were playing the game for approximately 10 or 15 minutes before the accident occurred, on cross-examination, she admitted that she had been in the playground for about 5

or 10 minutes prior to being asked to join in the game, and that it took another 4 or 5 minutes to choose up the two teams of six children each required for the game to progress. At first, she was on the team of children that linked hands standing side by side in a straight line while the opposing team members, one by one, ran and tried to break through the line. She estimated that it took only a few seconds for each runner to complete his or her turn, and then the opposing team assumed the position of forming the line for her team members to break through. A few children from her team completed their turns to run before she did. While the infant plaintiff denied that she was only playing the game for no more than a minute or two before the accident occurred, she nevertheless admitted that she really did not "remember time".

Mrs. McCarthy testified that from the time she arrived at her assigned post at the school door she never saw any children playing the game of "Red Rover" in the playground. The accident occurred in a corner of the school yard, about 75 feet from her post, and she immediately went over to assist the injured child upon learning of the incident.

At the close of the plaintiffs' evidence, the court denied the defendant's motion to dismiss the complaint for failure to present a prima facie case. The defendant presented one witness, a teacher assigned to supervise the students during luncheon recess, who testified concerning the duties of the personnel patrolling the school yard.

Following deliberations, the jury returned with a 5-to-1 verdict, finding the infant plaintiff 25% at fault and the defendant 75% at fault in the happening of the accident. However, the trial court set aside the jury verdict on the basis that "[t]he record is devoid of any evidence to support the plaintiffs' contention that the defendant was guilty of misfeasance or nonfeasance in the supervision of the playground at the school".

Upon our review of the evidence in the record, it is apparent that the plaintiffs failed to establish a prima facie case at trial and that the trial court properly granted the defendant's motion to dismiss the complaint (*Passantino v Board of Educ.*, 41 NY2d 1022). There was no showing that the defendant had *actual or constructive* notice that the subject game was in progress and a reasonable opportunity to prevent its continuance prior to the infant plaintiff's injury (*see, Passafaro v Board of Educ.*, 43 AD2d 918; *cf., Blair v Board v Educ.*, 86

AD2d 933). The infant plaintiff's own testimony was inconsistent and speculative as to the period of time the children had engaged in the prohibited activity prior to the accident. As pointed out by the defendant, reconciling the inconsistencies in the child's testimony, the actual game, as opposed to the preparatory activity, was at best, only in progress for a few minutes. Thus, we are compelled to conclude that it was utterly irrational for the jury to find the defendant liable to any extent for the child's injury (see, Garcia v City of New York, 104 AD2d 438, affd 65 NY2d 805).

In concluding, we note that it has long been held that a Board of Education is not an insurer of the safety of its students and cannot reasonably be required to "watch all movements of pupils" (Wilber v City of Binghamton, 271 App Div 402, 405, affd 296 NY 950; Passafaro v Board of Educ., supra). Mollen, P. J., Mangano, Brown and Lawrence, JJ., concur.