■ KRISTEN DANNA, an Infant, by Her Mother and Natural Guardian, JANE DANNA, et al., Respondents, v SEWANHAKA CENTRAL HIGH SCHOOL DISTRICT, Appellant, et al., Defendants.

[662 NYS2d 71] —In an action to recover damages for personal injuries, the defendant Sewanhaka Central High School District appeals from an order of the Supreme Court, Nassau County (Lally, J.), dated August 8, 1996, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The infant plaintiff was injured as a result of an incident which occurred in a classroom at the appellant's school. While the 12-year-old plaintiff was waiting for her music class to begin, a fellow seventh-grade student, who was scheduled to be in a science classroom, entered the room to pick up an instrument. As this student was leaving the music classroom, she kicked the infant plaintiff's school bag. Believing that the student had deliberately kicked her bag, the infant plaintiff walked over to her and kicked her in the shin. During the brief fight which ensued, the student struck the infant plaintiff in the face, causing her to sustain injuries. Although both girls allege that the bell signaling the start of class had sounded some minutes before their fight, the teacher assigned to the music classroom was in the hallway talking to another teacher, and was unaware of the altercation.

On appeal, the appellant contends that the Supreme Court erred in denying its motion for summary judgment because the infant plaintiff's injuries were not the foreseeable result of a failure to provide adequate supervision. We agree. Although schools are under a duty to adequately supervise the students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see, Mirand v City of New York, 84 NY2d 44), they are not insurers of safety, and cannot be held liable for "every thoughtless or careless act by which one pupil may injure another" (Lawes v Board of Educ., 16 NY2d 302, 306). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, supra, at 49).

Here, in support of its motion for summary judgment, the appellant submitted the examination before trial testimony of the two girls involved in the fight, which revealed that neither had previously been involved in a fight or disciplined for fighting. Furthermore, the only prior dispute between the girls consisted of a brief verbal exchange in a home economics class at least one month prior to the subject incident, which the infant plaintiff did not report. Under these circumstances, the appellant sustained its burden of establishing that it had no actual or constructive notice of prior similar conduct by the student who struck the infant plaintiff, and that it could not have reasonably foreseen that this student, who was not a member of the infant plaintiff's music class, would enter the music classroom while the teacher was absent, and engage in behavior precipitating a fight (*see, Moores v City of Newburgh School Dist.*, 237 AD2d 265; *McLoughlin v Holy Cross High School,* 135 AD2d 513). Furthermore, the undisputed evidence that the infant plaintiff voluntarily entered into the fight and struck the first blow precludes her from recovering for negligent supervision since her own conduct was a direct cause of the incident (*see, Ruggerio v Board of Educ.*, 31 AD2d 884, *affd* 26 NY2d 849; *see also, DeMunda v Niagara Wheatfield Bd. of Educ.,* 213 AD2d 975; *Borelli v Board of Educ.*, 156 AD2d 903). Thompson, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.