■ SHENEQUA PITNER, an Infant, by Her Mother and Natural Guardian, ROBBIE PITNER, et al., Respondents, v BRENTWOOD UNION FREE SCHOOL DISTRICT, Appellant, and MARITZA ACEVEDO, an Infant, by Her Mother and Natural Guardian, EFRAIN ACEVEDO, et al., Respondents. [678 NYS2d 665] —In an action to recover damages for personal injuries, etc., the defendant Brentwood Union Free School District appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered September 4, 1997, which denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, and the complaint and all cross claims insofar as asserted against the appellant are dismissed.

The infant plaintiff was injured in a fight with another student at a middle school within the school district of the appellant, Brentwood Union Free School District. The fight occurred in the hallway at the school as the students were going

to their first morning class. The infant plaintiff and her mother commenced this action against the appellant and the other student, alleging, *inter alia*, that the appellant was negligent in failing to properly supervise the students at the school.

The Supreme Court denied the appellant's motion for summary judgment, finding an issue of fact as to whether the altercation was spontaneous and unanticipated. We reverse.

It is well established that a school is not the insurer of the safety of its students and is only under a duty to exercise the degree of reasonable care that a parent of ordinary prudence would have exercised under comparable circumstances (*see, Hauser v North Rockland Cent. School Dist. No. 1*, 166 AD2d 553, 554). When an injury results from the act of an intervening third party which, under the circumstances, could hardly have been anticipated in the reasonable exercise of the school's legal duty to the child, there can be no liability on the part of the school (*see, Hauser v North Rockland Cent. School Dist. No. 1, supra*).

The alleged inadequacy of the supervision furnished by the appellant cannot, under these circumstances, be considered a cause of the infant plaintiff's injuries (*see, Illa v St. Brigid's School*, 245 AD2d 487). The appellant had no notice of any propensity of either student to engage in fighting, and the record indicates that the appellant could not have envisioned the need for closer supervision of the students at the time the altercation occurred. Thus, the infant plaintiff failed to prove any breach of duty by the appellant (*see, Brown v City of New York*, 130 AD2d 701, 702).

In any event, the infant plaintiff was a voluntary participant in the fight and assumed the risk of injury thereby, and thus, as a matter of law, is precluded from recovering for her injuries (*see, Jones v Kent*, 35 AD2d 622; *Ruggerio v Board of Educ.*, 31 AD2d 884, *affd* 26 NY2d 849; *see also, Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361). Bracken, J. P., Copertino, Goldstein and McGinity, JJ., concur.