■ HIGINIO VELEZ, JR., Respondent, v ROBERT HURLEY et al., Appellants. (Action No. 1.) HIGINIO VELEZ, JR., Respondent, v TADEUSZ D. BORIEWSKI et al., Appellants. (Action No. 2.) [694 NYS2d 705] —In two related actions to recover damages for personal injuries, (1) Robert Hurley, a defendant in Action No. 1, appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Thomas, J.), dated April

22, 1998, as, in effect, denied his cross motion for summary judgment dismissing the complaint and cross claims insofar as asserted against him, and (2) Tadeusz D. Boriewski, Efficiency Enterprises, Inc., Service Liquor, Inc., and HBH Distributors, Inc., defendants in both actions, separately appeal, as limited by their brief, from so much of the order as denied, with leave to renew, their motion for summary judgment dismissing the complaint in Action No. 1 insofar as asserted against them and the complaint in Action No. 2, or to consolidate the actions.

Ordered that the order is modified by (1) deleting the provision thereof which, in effect, denied the cross motion of the defendant Robert Hurley for summary judgment dismissing the complaint and cross claims in Action No. 1 insofar as asserted against him, and substituting therefor a provision granting the cross motion, (2) deleting the provision thereof which denied, with leave to renew, that branch of the defendants' motion for summary judgment which was to dismiss the complaint in Action No. 2 insofar as asserted against the defendant HBH Distributors, Inc., and substituting therefor a provision granting that branch of the motion dismissing the complaint in Action No. 2 insofar as asserted against the defendant HBH Distributors, Inc., and severing the action against the remaining defendants, and (3) deleting the provision thereof which denied, with leave to renew, that branch of the defendants' motion which was to consolidate Action No. 1 and Action No. 2, and substituting therefor a provision granting the motion to consolidate unless the plaintiff files with the Clerk of the Supreme Court, Queens County, within 30 days after service upon him of a copy of this decision and order, with notice of entry, a stipulation signed by the attorneys of record for all parties discontinuing Action No. 2; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the actions against the remaining defendants are severed.

The Supreme Court erred in denying the motion of the defendant Robert Hurley for summary judgment dismissing the complaint and cross claims insofar as asserted against him in Action No. 1. The plaintiff failed to present evidence sufficient to raise a triable issue of fact as to whether Hurley's alleged negligence in failing to illuminate his turn signal was a proximate cause of the accident (*see, Sheehan v City of New York,* 40 NY2d 496; *see also, Zuckerman v City of New York,* 49 NY2d 557, 562). The evidence established that the plaintiff saw Hurley's vehicle when it was stopped to make a lawful turn into a driveway about 400 feet ahead of the plaintiff's ve-

hicle. The accident occurred when the plaintiff applied his brakes and skidded on the snowy road. The plaintiff's vehicle did not make contact with the Hurley vehicle but crossed into oncoming traffic and collided with a vehicle operated by the defendant Tadeusz D. Boriewski. The Boriewski vehicle was owned and leased by the corporate defendants, Efficiency Enterprises, Inc. (hereinafter Efficiency), and Service Liquor, Inc. (hereinafter Service Liquor), respectively.

However, the Supreme Court properly denied summary judgment to Boriewski, Efficiency, and Service Liquor. In light of the plaintiff's deposition testimony that Boriewski was driving "fast", and Hurley's deposition testimony that Boriewski was driving between 50 to 55 miles per hour on an unplowed road with 4 to 6 inches of snow on it, there are questions of fact as to whether Boriewski contributed to the emergency situation with which he was confronted (see, Stoehr v Levere, 183 AD2d 886; Bagnato v Romano, 179 AD2d 713).

On appeal, the parties do not dispute that they entered into a written stipulation discontinuing Action No. 2, in which the plaintiff asserted claims arising out of the same accident. The stipulation apparently was never filed with the clerk of the court (see, CPLR 3217 [a]). The defendants' motion to consolidate Action No. 1 and Action No. 2 should therefore be granted unless the stipulation of discontinuance is properly filed by the plaintiff.

In view of the parties' stipulation of discontinuance of Action No. 2, the plaintiff asserts on appeal that the branch of the defendants' motion which was to dismiss Action No. 2 insofar as asserted against HBH Distributors, Inc. (hereinafter HBH) is academic. Regardless of the effectiveness of the stipulation of discontinuance, the plaintiff failed to present any evidence to rebut the defendants' contention that HBH was not a proper party, as it was a predecessor of Service Liquor and had been dissolved. Accordingly, in the absence of opposition by the plaintiff, the motion to dismiss the complaint insofar as asserted against HBH in Action No. 2 should have been granted. O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.