■ CAROL McELRATH et al., Respondents, v LAKELAND CENTRAL SCHOOL DISTRICT, Appellant. [796 NYS2d 121]—

In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated June 1, 2004, as denied that branch of its motion which was for summary judgment dismissing the first and second causes of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the first and second causes of

action to the extent that such claims accrued before January 16, 2002, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The infant plaintiff was assaulted on October 19, 2001, by another student, N.O., in a school within the defendant school district. On February 11, 2002, the infant plaintiff was assaulted by N.O.'s twin sister, D.O. The plaintiffs filed a notice of claim against the defendant on April 16, 2002, and thereafter commenced this action, alleging, among other things, that the infant plaintiff sustained injuries from September 2001 through the remainder of the school year due to the negligence of the defendant.

The plaintiffs' failure to serve a notice of claim until April 16, 2002, precludes their recovery with respect to any claim that accrued on or before January 16, 2002 (see Education Law § 3813 [2]; General Municipal Law § 50-e [1] [a]). The Supreme Court correctly denied the balance of the defendant's motion for summary judgment dismissing the first and second causes of action. Although the defendant made a prima facie showing that it did not have "sufficiently specific knowledge or notice of the dangerous conduct" which caused injury to the infant plaintiff on February 11, 2002 (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Nocilla v Middle Country Cent. School Dist., 302 AD2d 573 [2003]), the plaintiffs raised a triable issue of fact. The plaintiffs demonstrated that the defendant could have reasonably anticipated the attack because it knew of previous violent behavior of N.O. and D.O., and the infant plaintiff had told an employee of the defendant that she felt threatened by them (see Mirand v City of New York, supra at 49; Rydzynski v North Shore Univ. Hosp., 262 AD2d 630 [1999]; Shante D. v City of New York, 190 AD2d 356 [1993]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.