■ Nicholas Eberwein et al., Appellants, v Newburgh Enlarged City School District, Respondent. [818 NYS2d 255]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Slobod, J.), dated April 26, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *see Morman v Ossining Union Free School Dist.,* 297 AD2d 788 [2002]). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the [defendant school] is warranted" (*Convey v City of Rye School Dist.,* 271 AD2d 154, 160 [2000]; *see Siegell v Herricks Union Free School Dist.,* 7 AD3d 607 [2004]; *Francisquini v New York City Bd. of Educ.,* 305 AD2d 455 [2003]; *Janukajtis v Fallon,* 284 AD2d 428 [2001]).

The defendant established its entitlement to judgment as a matter of law by submitting evidence that the incident occurred in so short a period of time that its alleged lack of supervision was not the proximate cause of the infant plaintiff's injuries. In opposition, the plaintiffs failed to raise a triable issue of fact

(see *Velez v Freeport Union Free School Dist.*, 292 AD2d 595 [2002]; *Janukajtis v Fallon, supra; Totan v Board of Educ. of City of N.Y.*, 133 AD2d 366 [1987]). Ritter, J.P., Krausman, Lifson and Lunn, JJ., concur.