■ SHANE MCLEOD et al., Appellants, v CITY OF NEW YORK et al., Respondents. [822 NYS2d 562]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated July 7, 2005, as granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is denied, and the complaint is reinstated.

Schools have a duty to provide supervision to ensure the safety of students in their charge, and they will be held liable for the foreseeable injuries proximately caused by the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Oldham v Eastport Union Free School Dist.*, 26 AD3d 480 [2006]; *Siller v Mahopac Cent. School Dist.*, 18 AD3d 532 [2005]). To establish a breach of the duty to provide adequate supervision in a case involving injuries caused by the acts of fellow students, a plaintiff must show that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552 [2005]; *Morman v Ossining Union Free School Dist.*, 297 AD2d 788 [2002]; *Nelson v Sachem Cent. School Dist.*, 245 AD2d 434 [1997]).

In support of their cross motion for summary judgment dismissing the complaint, the defendants relied upon the evidence submitted by the plaintiffs on the main motion to argue that school authorities were not aware that the student who assaulted the infant plaintiff had a propensity for violent behavior. However, the evidence submitted by the plaintiffs demonstrated the existence of a triable issue of fact as to whether school authorities had sufficient notice of prior violent behavior on the part of the student who committed the assault, including a recent fight with the infant plaintiff, such that the assault reasonably could have been foreseen (*see Mirand v City of New York, supra; Shante D. v City of New York*, 190 AD2d 356 [1993], *affd* 83 NY2d 948 [1994]; *Wood v Watervliet City School Dist.*, 30 AD3d 663 [2006]; *McElrath v Lakeland Cent. School Dist.*, 18 AD3d 831 [2005]). Moreover, a triable issue of fact also exists as to whether the school safety officer who witnessed the fight failed to take "energetic steps to intervene" in time to prevent the infant plaintiff's injuries (*Lawes v Board of Educ. of City of*

*N.Y.*, 16 NY2d 302, 305 [1965]; *see Siller v Mahopac Cent. School Dist., supra; Thomas v Board of Educ. of Kingston City Consol. School Dist.*, 291 AD2d 710 [2002]; *Nelson v Sachem Cent. School Dist., supra*). In addition, while "liability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight" (*Williams v Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d 373 [2000]; *see Ruggerio v Board of Educ. of City of Jamestown*, 26 NY2d 849 [1970]), the infant plaintiff's hearing and deposition testimony raised a triable issue of fact as to whether he was a voluntary participant in the fight with his assailant, or was acting in self-defense. Since the defendants failed to make a prima facie showing of their entitlement to judgment as a matter of law, their cross motion for summary judgment should have been denied. Adams, J.P., Krausman, Fisher and Dillon, JJ., concur.