KARL LEGETTE, JR., et al., Respondents, v CITY OF NEW YORK et al., Appellants. [832 NYS2d 669]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated January 11, 2006, which denied, with leave to renew upon the completion of discovery, their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is granted.

On May 10, 2004 the infant plaintiff allegedly was injured in a brief fight with another student in the schoolyard of a public elementary school located in Brooklyn. The infant plaintiff, by his father, and the father, individually, commenced this action against the City of New York and the Board of Education of the

City of New York, alleging, inter alia, that they were negligent in failing to properly supervise the students at the school. The Supreme Court denied, with leave to renew upon the completion of discovery, the defendants' motion for summary judgment dismissing the complaint. We reverse.

Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]). Moreover, "liability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight" (*Williams v Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d 373, 373 [2000]; *see Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361, 362 [1997]).

Here, the defendants established, prima facie, that the infant plaintiff was a voluntary participant in the fight, and thus, the alleged inadequacy of their supervision could not be considered a cause of the infant plaintiff's injuries (*see Ruggerio v Board of Educ. of City of Jamestown*, 31 AD2d 884 [1969], *affd* 26 NY2d 849 [1970]; *Williams v Board of Educ. of City School Dist. of City of Mount Vernon, supra* at 373; *Danna v Sewanhaka Cent. High School Dist., supra* at 362). In opposition, the plaintiffs failed to raise a triable issue of fact. Schmidt, J.P., Santucci, Krausman and Balkin, JJ., concur.