■ KEDIJAH WILLIAMS et al., Respondents, v CITY OF NEW YORK et al., Appellants. [837 NYS2d 300]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated July 19, 2006, which denied their motion for summary judgment dismissing the complaint with leave to renew.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

On September 29, 2004 the infant plaintiff was injured in a fight with another student in the auditorium of a public elementary school located in Brooklyn. The infant plaintiff, by her mother, and the mother, individually, commenced this action against the defendants, the City of New York and its Department of Education, alleging, inter alia, that they were negligent in failing to properly supervise the students at the school. The Supreme Court denied, with leave to renew, the defendants' motion for summary judgment dismissing the complaint. We reverse.

"Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of the students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities" (*Legette v City of New York,* 38 AD3d 853, 853 [2007]; *see Mirand v City of New York,* 84 NY2d 44, 49 [1994]; *Convey v City of Rye School Dist.,* 271 AD2d 154, 159 [2000]). Moreover, "liability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight" (*Williams v*

*Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d 373, 373 [2000]; *see Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Pitner v Brentwood Union Free School Dist.*, 254 AD2d 340, 341 [1998]; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361, 362 [1997]).

In this case, the defendants established prima facie that the infant plaintiff was a voluntary participant in the fight, and thus, the alleged inadequacy of their supervision could not be considered a cause of the infant plaintiff's injuries (*see Ruggerio v Board of Educ. of City of Jamestown*, 31 AD2d 884, 884 [1969], *affd* 26 NY2d 849 [1970]; *Williams v Board of Educ. of City School Dist. of Mount Vernon, supra* at 373).

Nor have the plaintiffs demonstrated that additional discovery is necessary prior to summary disposition (*see* CPLR 3212 [f]). Although the plaintiffs urge that the motion for summary judgment was properly denied to permit them to conduct additional discovery and depositions, they have advanced no nonspeculative basis to believe that additional discovery might yield evidence warranting a different disposition (*see Rosario v New York City Tr. Auth.*, 8 AD3d 147, 148 [2004]; *Hernandez v Yonkers Contr. Co.*, 292 AD2d 422, 424 [2002]; *Rodgers v Yale Univ.*, 283 AD2d 415, 416 [2001]). Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.