(October 16, 2007)

■ MARIE AMBROISE et al., Respondents, v CITY OF NEW YORK et al., Appellants. [843 NYS2d 685]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated May 10, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

At a hearing pursuant to General Municipal Law § 50-h, the transcript of which the defendants submitted in support of their motion for summary judgment, the infant plaintiff Hassan Ambroise (hereinafter the plaintiff) testified that three days prior to the subject occurrence, Shaquan, another student at the junior high school which they both attended, entered the plaintiff's classroom, challenged him to a fight, and threw the plaintiff's hat, which was resting on his desk, to the floor. The teacher proceeded to eject Shaquan from the classroom. On the following day, Shaquan came to the plaintiff's homeroom door and again challenged the plaintiff to a fight. The teacher merely instructed the students in the room not to pay attention to Shaquan. On the day of the occurrence, while the plaintiff was present in the basement lunchroom during lunch period, Shaquan started staring at the plaintiff aggressively. Fearing that Shaquan was about to strike him, the plaintiff tried to advise the teachers in the lunchroom what was happening, but they were busy at that time and told him they could not do

anything. Shortly thereafter, Shaquan approached the plaintiff and did, in fact, push him. One of the counselors who was present in the lunchroom observed the contact, separated the boys, and directed them to use different stairways to leave the basement. When the plaintiff returned to the area of the second floor outside of his classroom, he was approached by Shaquan and three of his friends. The plaintiff swung at Shaquan and missed. Shaquan responded by punching the plaintiff in the mouth, breaking a tooth.

"[L]iability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight" (*McLeod v City of New York*, 32 AD3d 907, 909 [2006] [internal quotation marks and citations omitted]). The plaintiff's hearing testimony raised a triable issue of fact as to whether he was a voluntary participant in the fight with his assailant, or was acting in self-defense (*id.*). Since the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law, their motion for summary judgment was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Miller, J.P., Goldstein, Skelos and Balkin, JJ., concur.