*494 OPINION OF THE COURT
Donald Scott Kurtz, J.
Defendants move for an order dismissing plaintiffs complaint pursuant to CPLR 3211 and 3212.
On October 20, 1999, plaintiff S.K., a seventh-grade student, was injured during a fight with L.C., a fellow student at the end of gym class. L.C. struck plaintiff in the head causing the hemorrhage of a latent congenital vascular malformation which necessitated approximately 10 brain surgeries. Plaintiff alleges that the Board of Education of the City of New York was aware that plaintiff had previously and repeatedly been harassed and assaulted by fellow students, including L.C., and that the Board was negligent in supervising the students; in failing to take necessary steps to protect plaintiff in light of the Board’s knowledge of previous attacks on plaintiff; and in refusing to transfer plaintiff to a safer school after repeated requests by plaintiffs father. Defendants move for summary judgment on the grounds that plaintiff was a voluntary participant in the fight; that the Board had no notice of L.C.’s alleged violent propensities because he had no prior history of violence; that plaintiffs allegations of prior incidents and complaints to the school fail to raise a triable issue of fact; and that, pursuant to the New York Education Law and the New York City Charter, the City of New York is not a proper party to this action.
The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986].) In light of such a showing, if the party opposing the motion comes forward with evidence of issues of fact requiring a trial, the motion will be denied. (Rebecchi v Whitmore, 172 AD2d 600 [2d Dept 1991].) In reviewing a motion for summary judgment, the court accepts as true the evidence presented by the nonmoving party. (Fleming v Graham, 34 AD3d 525 [2d Dept 2006].)
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision.” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Lawes v Board of Educ. of City of N.Y., 16 NY2d 302 [1965]; Smith v Poughkeepsie City School Dist., 41 AD3d 579 [2d Dept 2007]; Siller v Mahopac Cent. School Dist., 18 AD3d 532, 533 [2d Dept 2005].)
*495 “In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated.” (Mirand v City of New York, 84 NY2d at 49 [citation omitted]; see Smith v Poughkeepsie City School Dist., 41 AD3d at 580; McLeod v City of New York, 32 AD3d 907, 908 [2d Dept 2006]; Moody v New York City Bd. of Educ., 8 AD3d 639, 640 [2d Dept 2004]; McElrath v Lakeland Cent. School Dist., 18 AD3d 831 [2d Dept 2005].)
Liability for injuries resulting from a fight between two students cannot be predicated upon negligent supervision if the plaintiff was a voluntary participant in the fight. (See Ambroise v City of New York, 44 AD3d 805, 806 [2d Dept 2007]; Legette v City of New York, 38 AD3d 853 [2d Dept 2007]; Williams v City of New York, 41 AD3d 468 [2d Dept 2007]; Williams v Board of Educ. of City School Dist. of City of Mount Vernon, 277 AD2d 373 [2d Dept 2000].)
The Board submits that it is entitled to summary judgment because the plaintiff was a voluntary participant in the fight with L.C. which would prohibit plaintiff’s action based upon negligent supervision. The undisputed evidence reveals that L.C. initially cursed at plaintiff and plaintiff cursed back. L.C. threw the initial punch and plaintiff “hit back.” The Board maintains that plaintiff deliberately chose to continue the fight instead of retreating or seeking help from the gym instructor. The Board also maintains that it had no specific notice of L.C.’s propensity for violent misconduct which is essential for a claim of negligent supervision. The principal testified that she was unaware of any disciplinary problems with L.C. and that, to her knowledge, he had not been involved in any prior fights with plaintiff. The Board, therefore, contends that it is entitled to summary judgment dismissing the complaint against it.
The City maintains that, pursuant to Education Law § 2554 (4) and chapter 20, section 521 (a) and (b) of the New York City Charter, although the City retains title to the school building, it does not retain management, control or maintenance of the property. Therefore, the City contends, it is entitled to summary judgment dismissing the complaint against it.
In opposition to the motion, plaintiff maintains that the school was aware that plaintiff had previously and repeatedly been *496 targeted and victimized by his fellow students. On September 17, 1996, a psychological evaluation was performed by the Board and it was noted that plaintiffs IQ was in the low average classification, similar to that found in children classified as “learning disabled” and that plaintiff needed to continue counseling. Plaintiff also submits the notes from the pupil personnel committee wherein it was noted that plaintiff was having academic problems in the resource room and that on November 23 and 30, 1998 his parent requested that plaintiff be transferred. The notes also indicated that plaintiff was having behavioral problems. However, the records pertaining to the two months immediately preceding the subject incident were unable to be located during discovery. Moreover, the only record available from plaintiffs guidance counselor is dated October 12, 1999 and noted that plaintiff had difficulty with his peers and that he often disturbed other students and became “extremely irritated” if others bothered him. In further support of plaintiffs contention that the Board had knowledge that he had been targeted and victimized by other students, plaintiff submits the examination before trial of plaintiffs father wherein he gave a detailed history of the complaints made to the school along with four specific incidents where plaintiff was attacked by other students in 1998. Plaintiffs father testified that he met with the principal about these incidents in 1998 immediately before Thanksgiving. Plaintiff submits a letter written by plaintiffs father and allegedly mailed on December 7, 1998 wherein he details the incidents of alleged harassment and physical assault and asks that his son be transferred. Plaintiffs father details similar incidents throughout the year of 1999. Mr. SanFilippo, director of pupil personnel services in community school district 20, testified at his deposition that he had no recollection of the plaintiff, the plaintiffs father, the letter alleged to have been sent by plaintiffs father, or any request by plaintiffs father to transfer plaintiff out of the school.
In reviewing a motion for summary judgment, the court accepts as true the evidence presented by the nonmoving party. (Fleming v Graham, 34 AD3d 525 [2d Dept 2006].) In view of the foregoing, a triable issue of fact exists as to whether the Board, in light of the alleged specific knowledge it had that plaintiff had previously been targeted and victimized by other students, should have provided closer supervision of plaintiff or taken other action to protect plaintiffs safety during school hours.
*497 The court further finds that questions of fact exist as to whether plaintiff was a voluntary participant in the fight with L.C. and whether the gym teacher provided adequate supervision of his students. Although L.C. threw the initial blow and plaintiff became active in the fight, it is for a jury to determine whether plaintiff was a voluntary participant in the fight or merely acting in self-defense. (See Ambroise v City of New York, 44 AD3d at 806; McLeod v City of New York, 32 AD3d at 909.) Moreover, it is unclear whether the teacher was present when the fight began. At his General Municipal Law § 50-h hearing, plaintiff testified that the teacher was checking on the time when this incident occurred. When asked where the teacher was checking on the time, plaintiff replied “in the hallway or on his watch. I’m not sure.” When asked if the teacher was in the gym, plaintiff replied yes. It is a question of fact whether the teacher was in fact in the gym or in the hallway. Consequently, triable issues of fact exist as to whether plaintiff’s chronic problems with other students required closer supervision; whether the Board was on notice of such problems; whether the Board breached its duty to adequately supervise the plaintiff; and whether plaintiff was a voluntary participant in the fight.
Plaintiffs contention that summary judgment dismissing the complaint against the City should be denied based upon the City’s duty to supervise the Board’s employees is unavailing. It is well settled that the City cannot be held liable for torts allegedly committed by the Board and its employees. (See Gonzalez v Esparza, 2003 WL 21834970, 2003 US Dist LEXIS 13711 [SD NY 2003]; Perez v City of New York, 41 AD3d 378 [1st Dept 2007].)
In view of the foregoing, defendants’ motion for summary judgment dismissing the complaint is granted as to defendant the City of New York and denied as to the Board of Education of the City of New York.