■ CORY MacNIVEN et al., Respondents, v EAST HAMPTON UNION FREE SCHOOL DISTRICT, Appellant, et al., Defendants. [878 NYS2d 449]—

In an action to recover damages for personal injuries, etc., the defendant East Hampton Union Free School District appeals, as

limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated April 28, 2008, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant East Hampton Union Free School District which was for summary judgment dismissing the complaint insofar as asserted against it is granted.

On January 26, 2006, the infant plaintiff, who was then a junior at East Hampton High School and a member of the school's winter track team (hereinafter the team), allegedly sustained injuries when he was punched in the face during a physical altercation involving other team members which occurred during the team's practice. The infant plaintiff, by his mother, and his mother, individually, commenced this action against, among others, the East Hampton Union Free School District (hereinafter the school district), alleging that the school district had been negligent in failing to properly supervise the team during its practice. In the order appealed from, the Supreme Court denied the school district's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. We reverse the order insofar as appealed from.

"Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities" (*Legette v City of New York*, 38 AD3d 853, 854 [2007]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]). Moreover, liability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight (*see Williams v City of New York*, 41 AD3d 468 [2007]; *Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Williams v Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d 373 [2000]).

Here, in support of its motion the school district submitted the infant plaintiff's deposition testimony that he "jumped in" to a fight between other team members which had commenced approximately 20 feet away from him and that he was punched in the face by a teammate after he kicked that teammate in the head. Such testimony established, prima facie, that the infant plaintiff was a voluntary participant in the fight, and thus, the

alleged inadequacy of the school district's supervision could not be considered a cause of his injuries (*see Williams v City of New York*, 41 AD3d at 469; *Legette v City of New York*, 38 AD3d at 854; *Williams v Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d at 374; *Danna v Sewanhaka Cent. High School Dist.*, 242 AD2d 361, 362 [1997]). In opposition thereto, the plaintiffs failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have granted that branch of the school district's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

In light of the foregoing, we need not reach the school district's remaining contentions. Spolzino, J.P., Dillon, Florio and Belen, JJ., concur.