■ YERIEL CUEVAS, an Infant, by DAYSI CUEVAS, His Mother and Natural Guardian, et al., Respondents, v NEW YORK CITY BOARD OF EDUCATION et al., Defendants/Third-Party Plaintiffs/Second Third-Party Plaintiffs-Respondents, NEW YORK CITY SCHOOL CONSTRUCTION AUTHORITY, Defendant/Third-Party Defendant-Respondent, AAH CONSTRUCTION CORP., Defendant/Second Third-Party Defendant/Second Fourth-Party Plaintiff-Respondent, and SPRING SCAFFOLDING, INC., Defendant/Second Fourth-Party Defendant-Appellant. DORIEL SCAFFOLDING, INC., Second Fourth-Party Defendant-Respondent. [898 NYS2d 52]—

In an action to recover damages for personal injuries, etc., the defendant/second fourth-party defendant, Spring Scaffolding, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Rothenberg, J.), dated October 22, 2008, as denied its cross motion for summary judgment dismissing the complaint, the fourth-party complaint, and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 26, 2002, the infant plaintiff, who was then 11 years old, was at school. During his lunch recess, he went outside to the schoolyard. At some point, he walked over to a scaffold that had been constructed in the schoolyard. He ran towards the scaffold, jumped up, grabbed onto one of the posts of the scaffold with both of his hands, and started swinging on the post. However, his hands slipped off of the post. Consequently, he fell to the ground, and allegedly sustained injuries.

The infant plaintiff, by his mother, and his mother, suing derivatively, commenced this personal injury action against the appellant scaffolding company, among others. The plaintiffs alleged, inter alia, that the appellant's employees designed, constructed, and maintained the scaffolding. The plaintiffs also alleged that since the scaffolding was erected in a schoolyard

and not made inaccessible to children, it was designed, constructed, and maintained in such a manner that it constituted a dangerous condition. Finally, the plaintiffs essentially alleged that, under the circumstances, it was reasonably foreseeable that a child would be attracted to the scaffolding, swing on one of its poles, and fall off.

The appellant failed to make a prima facie showing of its entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Indeed, the evidence submitted by the appellant demonstrated the existence of triable issues of fact as to, among other things, whether the appellant's employees constructed the scaffolding, if so, whether that scaffolding constituted a dangerous condition, and whether the infant plaintiff's actions were the sole proximate cause of his injuries (*see Martinez v City of New York*, 287 AD2d 414 [2001]). Accordingly, the Supreme Court properly denied the appellant's cross motion for summary judgment dismissing the complaint, the fourth-party complaint, and all cross claims insofar as asserted against it, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Covello, J.P., Miller, Dickerson and Belen, JJ., concur.