■ John-Keith Keaveny et al., Appellants, v Mahopac Central School District, Respondent. [897 NYS2d 222]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Putnam County (O'Rourke, J.), entered December 18, 2008, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

"Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students' movements and activities" (*Legette v City of New York*, 38 AD3d 853, 854 [2007]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]). Moreover, liability for injuries resulting from a fight between two students cannot be predicated on negligent supervision if the plaintiff was a voluntary participant in the fight (*see Williams v City of New York*, 41 AD3d 468, 468-469 [2007]; *Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *Williams v Board of Educ. of City School Dist. of City of Mount Vernon*, 277 AD2d 373 [2000]).

The defendant established, prima facie, that the incident at issue here "occur[ed] in so short a span of time that 'even the most intense supervision could not have prevented it' " and

that, consequently, any lack of supervision did not proximately cause the injury (*Janukajtis v Fallon*, 284 AD2d at 430, quoting *Convey v City of Rye School Dist.*, 271 AD2d at 160). In response to that prima facie showing, the plaintiffs failed to raise a triable issue of fact as to whether any purported lack of supervision proximately caused the occurrence (*see Janukajtis v Fallon*, 284 AD2d at 430; *Convey v City of Rye School Dist.*, 271 AD2d at 160; *see also Eberwein v Newburgh Enlarged City School Dist.*, 31 AD3d 492 [2006]; *Hernandez v Board of Educ. of City of N.Y.*, 302 AD2d 493, 494 [2003]). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Mastro, J.P., Skelos, Eng and Roman, JJ., concur.