The infant plaintiff, an eighth-grade student attending Stissing Mountain Middle School in Pine Plains, allegedly was injured when she was struck in the eye by a stick thrown by a fellow student during a fire drill. The defendants Pine Plains Central School District and Board of Trustees of Pine Plains Central School District (hereinafter together the School defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court granted the motion. The plaintiffs appeal, and we affirm.
“Although schools are under a duty to adequately supervise the students under their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision, schools are not insurers of the safety of their students, for they cannot reasonably be expected to continuously supervise and control all of the students’ movements and activities” (Legette v City of New York, 38 AD3d 853, 854 [2007]; *649 see Keaveny v Mahopac Cent. School Dist., 71 AD3d 955, 955 [2010]). In order to find that a school has breached its duty to provide adequate supervision in the context of injuries caused by the acts of fellow students, it must be shown that the school “had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated” (Mirand v City of New York, 84 NY2d 44, 49 [1994]). “An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act” (Janukajtis v Fallon, 284 AD2d 428, 429-430 [2001]; see Convey v City of Rye School Dist., 271 AD2d 154, 159 [2000]).
Here, the School defendants established their entitlement to judgment as a matter of law through evidence that the accident was caused by a spontaneous and unforeseen act which could not have been prevented by any reasonable degree of supervision (see Ronan v School Dist. of City of New Rochelle, 35 AD3d 429, 430 [2006]; Eberwein v Newburgh Enlarged City School Dist., 31 AD3d 492, 492 [2006]). In opposition, the plaintiffs failed to raise a triable issue of fact. Contrary to the plaintiffs’ contention, they did not raise a triable issue of fact as to whether the School defendants had specific knowledge or notice of the dangerous conduct which caused the injury so as to put them on notice to protect against the injury-causing act (see Janukajtis v Fallon, 284 AD2d at 429-430; Convey v City of Rye School Dist., 271 AD2d at 159).
Accordingly, the Supreme Court properly granted the School defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them. Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.