In an action to recover damages for personal injuries, etc., the defendant Half Hollow Hills Central School District appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (LaSalle, J.), dated March 26, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of its liability.
Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of the liability of the defendant Half Hollow Hills Central School District, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 9, 2008, the infant plaintiff allegedly sustained injuries when she was assaulted in a school auditorium by a fellow high school student, the defendant Latifah Jordan. The infant plaintiff, and her father suing derivatively, commenced this action against Half Hollow Hills Central School District (hereinafter the School District), and Jordan and her mother, alleging, among other things, negligent supervision by the School District.
The School District moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that it had no actual or constructive notice that Jordan would assault the infant plaintiff, and that it did not owe a special duty to protect her. Subsequently, the plaintiffs cross-moved, among other things, for summary judgment on the issue of the School District’s liability. The Supreme Court granted that branch of the plaintiffs’ cross motion and denied the School District’s motion.
Initially, the Supreme Court properly considered that branch *894 of the plaintiffs’ cross motion which was for summary judgment on the issue of the School District’s liability. While it is undisputed that the cross motion was untimely (see Brill v City of New York, 2 NY3d 648 [2004]), an untimely cross motion for summary judgment may be considered by the court where, as here, a timely motion for summary judgment was made on nearly identical grounds (see Alexander v Gordon, 95 AD3d 1245, 1247 [2012]; McCallister v 200 Park, L.P., 92 AD3d 927, 928 [2012]; Lennard v Khan, 69 AD3d 812, 814 [2010]). Nevertheless, the subject branch of the plaintiffs’ cross motion should have been denied.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Stephenson v City of New York, 19 NY3d 1031, 1033 [2012]; Khosrova v Hampton Bays Union Free Sch. Dist., 99 AD3d 669, 670 [2012]; Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d 804, 805 [2012]). “In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated” (Mirand v City of New York, 84 NY2d at 49; see Jake F. v Plainview-Old Bethpage Cent. School Dist., 94 AD3d at 805; Buchholz v Patchogue-Medford School Dist., 88 AD3d 843, 844 [2011]).
There are triable issues of fact as to whether the School District acted reasonably in response to a threat allegedly made by Jordan against the infant plaintiff. “The adequacy of a school’s supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiffs injury” (Wilson v Vestal Cent. School Dist., 34 AD3d 999, 1000 [2006]). Further, the submissions revealed a triable issue of fact as to whether the infant plaintiff voluntarily participated in the physical altercation so as to warrant the denial of that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of the School District’s liability (see Ambroise v City of New York, 44 AD3d 805, 806 [2007]; McLeod v City of New York, 32 AD3d 907, 909 [2006]).
The School District’s remaining contentions are without merit.
Accordingly, the School District’s motion for summary judg *895 ment dismissing the complaint insofar as asserted against it was properly denied. However, that branch of the plaintiffs’ cross motion which was for summary judgment on the issue of the School District’s liability also should have been denied. Skelos, J.E, Leventhal, Austin and Sgroi, JJ., concur.