■ DOLORES BRUNO, Individually and as Administratrix of the Estate of FRANK D. BRUNO, Deceased, Respondent, v PAUL GOLLUSCIO, Appellant, et al., Defendants. [966 NYS2d 101]—

In an action, inter alia, to recover damages for wrongful death, the defendant Paul Golluscio appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated February 27, 2012, as denied that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

On October 10, 2008, the plaintiff's decedent, Frank D. Bruno, was killed in a two-car collision in the intersection of Jamaica Avenue and Pennsylvania Avenue in Brooklyn. The Lexus sport utility vehicle in which Bruno was an occupant ran a red light while traveling westbound on Jamaica Avenue, and was broadsided in the intersection by a Toyota Cressida, which was traveling northbound on Pennsylvania Avenue and had entered the intersection with the right-of-way. The plaintiff commenced this action against Carlyle N. Raye, who was the owner and driver of the Toyota, Arthur G. Johansen, who was the owner of the Lexus, and Paul Golluscio, who the plaintiff alleged was the driver of the Lexus. After discovery was completed, Raye moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Golluscio opposed Raye's motion, and cross-moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. In support of his cross motion, Golluscio submitted evidence that Bruno was driving the Lexus when the collision occurred. The Supreme Court granted Raye's motion for summary judgment in an order dated December 14, 2011, but, in the order appealed from, denied Golluscio's cross motion. Golluscio appeals from so much of that order as denied that branch of his cross motion which was for summary judgment dismissing the complaint insofar as asserted against him.

The Supreme Court properly denied that branch of Golluscio's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him. Evidence that was already before the court on Raye's motion, and which was considered on the cross motion, demonstrated the existence of a triable issue of fact as to who was driving the Lexus at the time of the collision (*see Shultes v Carr*, 127 AD2d 916, 918 [1987]). Thus, Golluscio's cross motion was properly denied without regard to the sufficiency of the plaintiff's papers submitted in opposition to the cross motion (*see Pironti v Leary*, 42 AD3d 487, 490 [2007]; *Velez v Hurley*, 264 AD2d 513, 515 [1999]; *cf. Magloire v Sitner*, 91 AD3d 919, 919-920 [2012]; *Vardanian v Morelli*, 73 AD3d 907, 908-909 [2010]; *Cuevas v New York City*

*Bd. of Educ.*, 71 AD3d 815, 816 [2010]; *McLeod v City of New York*, 32 AD3d 907, 908 [2006]). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur. **[Prior Case History: 34 Misc 3d 1235(A), 2012 NY Slip Op 50372(U).]**