■ Shameek Speight et al., Respondents, v City of New York et al., Appellants. [765 NYS2d 28] —Order, Supreme Court, Bronx County (John Byrne, J.), entered May 23, 2002, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff Shameek Speight was allegedly assaulted and stabbed as he waited on the steps of his high school to be admitted for his first class of the day. His assailants were other students at the high school, at least one of whom, according to the high school's records, was known to be violently disposed and to have terrorized other students. Plaintiff alleges that although security guards were ordinarily posted in the vicinity of the school's entrance, none was present at the time plaintiff was attacked. The record indicates that, prior to the attack, plaintiff's mother, citing safety concerns, had requested that her son be transferred to another school, but that her request was denied.

Schools are under a duty to supervise the students in their charge adequately and are liable for injuries foreseeably arising from and proximately caused by inadequate supervision (*Garcia v City of New York*, 222 AD2d 192, 194 [1996], *lv denied* 89 NY2d 808 [1997]). Common sense alone dictates that appropriate levels of school supervision be provided as large numbers of students gather to enter the school building at the beginning of the school day (*see Mirand v City of New York*, 84 NY2d 44, 50-51 [1994]). This is particularly true where, as here, the record indicates that school authorities were aware that the student population included numerous gangs and violent, predatory individuals (*see Maynard v Board of Educ.*, 244 AD2d 622, 623 [1997]). Under the circumstances, there are triable issues of fact as to whether the school defendants had ad-

equate notice of the risk posed to plaintiff by violently disposed costudents; whether they met their duty to provide a level of supervision adequate in light of the risks reasonably to be perceived; and whether plaintiff's harm was proximately caused by any breach of their supervisory duty.

Nor would summary judgment be appropriately granted in favor of defendant City on the theory that the responsibility to provide adequate student supervision was entirely that of defendant Board of Education, since it appears that, by reason of an agreement between the defendants, school security personnel were either provided by or hired by the New York City Police Department. We note in this connection that there is evidence in the record that a police officer assigned to provide security at the school witnessed the entire incident yet failed to intervene in time to prevent plaintiff's harm. Concur—Buckley, P.J., Tom, Ellerin, Marlow and Gonzalez, JJ.