■ KENNETH WHITFIELD, JR., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON, Respondent. [789 NYS2d 188]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 11, 2004, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The infant plaintiff, a five-year-old kindergarten student, allegedly was the victim of a sexual assault by one of his classmates. The plaintiffs commenced this action against the defendant Board of Education of the City of Mount Vernon (hereinafter the Board) alleging, inter alia, that the Board failed to provide adequate supervision. The Supreme Court granted the Board's motion for summary judgment dismissing the complaint. We affirm.

To establish a claim for failure to provide adequate supervision, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "Actual or constructive notice to

the school of prior similar conduct is generally required" and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*id.* at 49). A plaintiff must also establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (*see id.* at 50).

We agree with the Supreme Court that the Board was entitled to summary judgment. In opposition to the Board's establishment of a prima facie case for judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the Board had actual or constructive notice of prior similar conduct on the part of the kindergarten student in question (*see Williams v Board of Educ. of City School Dist. of City of Mount Vernon,* 277 AD2d 373 [2000]; *Kennedy v Seaford Union Free School Dist. No. 6,* 250 AD2d 574 [1998]; *Moores v City of Newburgh School Dist.,* 237 AD2d 265 [1997]).

The plaintiffs' remaining contention is without merit. Santucci, J.P., Luciano, Rivera and Fisher, JJ., concur.