■ JORGE L. HERNANDEZ, JR., Appellant, v CITY OF NEW YORK et al., Respondents. [808 NYS2d 714]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated February 4, 2005, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly was injured during an assault that occurred while on property maintained by the defendants as a high school at which the plaintiff was a student. He commenced this action, inter alia, to recover damages for negligent supervision. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

In support of their motion, the defendants failed to demonstrate a prima facie entitlement to judgment as a matter of law. The defendants failed to demonstrate, inter alia, that they lacked sufficiently specific knowledge or notice of the dangerous conduct which caused the injury (*see Mirand v City of New York,* 84 NY2d 44 [1994]; *Bird v Port Byron Cent. School Dist.,* 286 AD2d 938 [2001]). Thus, the defendants should not have been granted summary judgment dismissing the complaint regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.