■ KAILA SMITH, Appellant, v POUGHKEEPSIE CITY SCHOOL DISTRICT, Respondent. [839 NYS2d 99]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated May 16, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

On November 26, 2001 at about 2:50 P.M. the infant plaintiff, Kaila Smith, was punched in the left eye three times by a fellow seventh-grade student, Deseana Borkine, in the second floor hallway after her last class at the Poughkeepsie Middle School. It is alleged that there were no teachers or security monitors in the hallway at the time of the incident.

The infant plaintiff testified that about a month before the attack, she had complained to her music teacher about Borkine's bullying behavior. The infant plaintiff's mother also testified that, prior to the incident, she discussed her concerns for the infant plaintiff's safety with the teacher and the principal of the school, Thomas Hartford. As a result of the attack, Borkine,

who had just returned from a prior five-day suspension for a similar violent episode against another student in the same hallway, was once again suspended for five days.

As a result of the incident, the infant plaintiff commenced this action against the defendant Poughkeepsie City School District in 2003 alleging, inter alia, negligent supervision. The defendant moved for summary judgment dismissing the complaint contending, inter alia, that the incident could not have been prevented even by the most intense supervision. The Supreme Court granted the motion. We reverse.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Shante D. v City of New York*, 83 NY2d 948, 950 [1994]; *Siller v Mahopac Cent. School Dist.*, 18 AD3d 532, 533 [2005]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused the injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York, supra* at 49; *see Wood v Watervliet City School Dist.*, 30 AD3d 663 [2006]; *McElrath v Lakeland Cent. School Dist.*, 18 AD3d 831, 832 [2005]).

In support of its motion for summary judgment dismissing the complaint, the defendant failed to establish, as a matter of law, that it lacked sufficiently specific knowledge or notice of the dangerous conduct which caused the injury (*see Hernandez v City of New York*, 24 AD3d 723 [2005]). The defendant failed to present any evidence to establish that the second floor hallway was being monitored in any way by a member of the school staff or its assigned police officer on the day of the incident, despite the fact that school records reveal that numerous assault and battery incidents took place during school hours. Courts have consistently recognized in similar situations that dismissal is a time when supervision is necessary due to congregation of large numbers of students and the increased likelihood of fights (*see Mirand v City of New York, supra* at 50-51; *Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719 [2002]).

Moreover, there are issues of fact as to whether the defendant had knowledge of Borkine's dangerous propensities as a result of her involvement in similar altercations with classmates in the recent past (*see Wood v Watervliet City School Dist., supra* at 664; *Speight v City of New York*, 309 AD2d 501 [2003]), and

prior complaints by the infant plaintiff and her mother about Borkine's bullying behavior (*see McElrath v Lakeland Cent. School Dist., supra* at 832; *Druba v East Greenbush Cent. School Dist.*, 289 AD2d 767, 768 [2001]). Under the totality of the circumstances, triable issues of fact exist warranting the denial of summary judgment as to liability (*see McLeod v City of New York*, 32 AD3d 907, 909 [2006]; *Hernandez v City of New York, supra* at 723).

Finally, in light of the conflicting medical expert opinions submitted by the parties, a triable issue of fact also exists as to whether the subject incident played any role in the onset of the infant plaintiff's disorder. Crane, J.P., Ritter, Lifson and Balkin, JJ., concur.