■ DAMIAN SHAW et al., Respondents, v METRO MISSIONS, INC., et al., Appellants. [850 NYS2d 518]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Johnson, J.), dated September 29, 2006, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Schools, as well as providers of day care programs, have a duty to adequately supervise children in their charge, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (*see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327, 328 [2004]). On their motion, the defendants, which provided certain programs at their facility each weekend for between 700 and 800 children, demonstrated their entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]), by establishing, prima facie, that they did not breach their duty to adequately supervise the infant plaintiff, and that even if they did, the breach was not a proximate cause of his injuries. However, in response, the plaintiffs raised triable issues of fact as to whether the defendants breached their duty to provide adequate supervision, and as to whether a breach of that duty was a proximate cause of the infant plaintiff's injuries (*see Shoemaker v Whitney Point Cent. School Dist.*, 299 AD2d 719, 720-721 [2002]; *cf. Mirand v City of New York*, 84 NY2d at 50-51; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579, 580 [2007]). Accordingly, the Supreme Court correctly denied the defendants' motion for summary judgment dismissing the complaint. Fisher, J.P., Lifson, Covello and McCarthy, JJ., concur.