ALEJO GOMEZ et al., Appellants, v FLORAL PARK-BELLROSE UNION FREE SCHOOL DISTRICT, Respondent, and BARRY XU et al., Appellants. [921 NYS2d 148]—

In an action to recover damages for personal injuries, etc., the defendants Barry Xu and Andy Xu appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Cozzens, J.), dated January 14, 2010, as granted that branch of the motion of the defendant Floral Park-Bellrose Union Free School District which was for summary judgment dismissing all cross claims asserted against it, and the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defend-

ant Floral Park-Bellrose Union Free School District which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from by the defendants Barry Xu and Andy Xu, and the plaintiffs, respectively, on the law, with one bill of costs, and the motion of the defendant Floral Park-Bellrose Union Free School District for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is denied.

On May 3, 2007, the infant plaintiff, Alejo Gomez, a second-grade student, allegedly was injured when he was struck in the eye by another classmate's pencil. The plaintiffs commenced this action against, among others, the defendant Floral Park-Bellrose Union Free School District (hereinafter the School District), alleging, inter alia, that the School District failed to provide adequate supervision. The Supreme Court, among other things, granted the School District's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We reverse the order insofar as appealed from.

To establish a cause of action to recover damages for failure to provide adequate supervision, a plaintiff must demonstrate that school authorities "had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]). "Actual or constructive notice to the school of prior similar conduct is generally required," and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553). A plaintiff must also establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (*see Mirand v City of New York*, 84 NY2d at 49; *Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d at 553). The School District failed to demonstrate its prima facie entitlement to judgment as a matter of law by tendering sufficient evidence to demonstrate the absence of any material issues of fact. Its own submissions in support of the motion raised triable issues of fact as to the adequacy of the School District's supervision, and whether closer supervision of the children at

issue would have prevented the accident (*see Rivera v Board of Educ. of City of Yonkers*, 19 AD3d 394 [2005]; *Douglas v John Hus Moravian Church of Brooklyn, Inc.*, 8 AD3d 327 [2004]).

Accordingly, the Supreme Court should have denied the School District's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Dillon, J.P., Leventhal, Chambers and Austin, JJ., concur.