■ DARRYL LAREEK MATHIS, an Infant, by His Mother and Natural Guardian, ROBIN KEARSE, et al., Appellants, v BOARD OF EDUCATION OF CITY OF NEW YORK et al., Respondents. [7 NYS3d 182]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Ash, J.), entered September 25, 2013, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Board of Education of the City of New York, and substituting therefor a provision denying that branch of the defendants' motion; as so modified, the order is affirmed, with costs to the plaintiffs.

On March 8, 2000, the infant plaintiff Darryl Lareek Mathis (hereinafter the infant plaintiff) allegedly sustained injuries in a classroom located in P.S. 284 in Brooklyn, when a fellow student allegedly placed him in front of a fourth floor window, opened the window, and held him partially out of the window. The infant plaintiff, and his mother suing derivatively, commenced this action against the defendants, Board of Education of the City of New York (hereinafter the Board of Education) and the City of New York, alleging, among other things, negligent supervision, negligent hiring, and negligent maintenance of the school property. The defendants moved for summary judgment dismissing the complaint, arguing that the Board of Education did not have notice of prior similar conduct by the offending student and that the City was not a proper party. The Supreme Court granted the motion.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount Vernon*, 14 AD3d 552, 553 [2005]). Actual or constructive notice to the school of prior similar conduct generally is required, and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence" (*Mirand v City of New York*, 84 NY2d at 49; *see Whitfield v Board of Educ. of City of Mount*

*Vernon,* 14 AD3d at 553). A plaintiff also must establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (*see Mirand v City of New York,* 84 NY2d at 50; *Whitfield v Board of Educ. of City of Mount Vernon,* 14 AD3d at 553).

Here, in support of their motion for summary judgment, the defendants failed to establish, prima facie, that the Board of Education lacked sufficiently specific knowledge or notice of the dangerous conduct that caused the injury (*see Smith v Poughkeepsie City School Dist.,* 41 AD3d 579, 581 [2007]; *Hernandez v City of New York,* 24 AD3d 723 [2005]). The defendants' motion papers reflect the existence of triable issues of fact as to whether the Board of Education had knowledge of the offending student's dangerous propensities arising from his involvement in other altercations with classmates in the recent past (*see Smith v Poughkeepsie City School Dist.,* 41 AD3d at 581; *Wood v Watervliet City School Dist.,* 30 AD3d 663 [2006]; *Speight v City of New York,* 309 AD2d 501 [2003]). Thus, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action sounding in negligent supervision insofar as asserted against the Board of Education. Furthermore, the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the remaining causes of action insofar as asserted against the Board of Education. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Board of Education, regardless of the sufficiency of the plaintiffs' papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]).

However, the defendants established, prima facie, that the City is entitled to judgment as a matter of law dismissing the complaint insofar as asserted against it by submitting evidence that this action involved an incident that occurred on public school premises, and that the City does not operate, maintain, or control the school (*see Cohen v City of New York,* 119 AD3d 725 [2014]; *Miner v City of New York,* 78 AD3d 669, 670 [2010]), which falls under "the exclusive care, custody, and control of the . . . Board of Education, an entity separate and distinct from the City" (*Cohen v City of New York,* 119 AD3d at 725 [internal quotation marks omitted]; *see McClain v City of New York,* 65 AD3d 1020 [2009]; *Bleiberg v City of New York,* 43 AD3d 969, 971 [2007]; Education Law § 2590-b [1] [a]). In opposition, the plaintiffs failed to raise a triable issue of fact as to

the City's liability. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City. Balkin, J.P., Hall, Miller and Duffy, JJ., concur.