(July 15, 2015)

■ VINCENT S. AMANDOLA, an Infant, by His Father and Natural Guardian, GLENN AMANDOLA, et al., Respondents, v ROMAN CATHOLIC DIOCESE OF ROCKVILLE CENTRE et al., Appellants, et al., Defendants. [13 NYS3d 556]—

In an action, inter alia, to recover damages for personal injuries, etc., the defendants Roman Catholic Diocese of Rockville Centre, St. Patrick's School, and Reverend Ellsworth R. Walden appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated June 6, 2013, as denied those branches of their motion which were for summary judgment dismissing the causes of action alleging negligent supervision of students and negligent hiring and retention insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Vincent S. Amandola (hereinafter the infant plaintiff) allegedly sustained injuries in his former school when a fellow student allegedly assaulted him on multiple occasions, and, when inside a classroom, a group of students repeatedly kicked the infant plaintiff. The plaintiffs commenced this action against the Roman Catholic Diocese of Rockville Centre, St. Patrick's School, and Reverend Ellsworth R. Walden (hereinafter collectively the appellants), and others, alleging, inter

alia, negligent supervision of students and negligent hiring and retention. The appellants moved for summary judgment dismissing the complaint insofar as asserted against them, arguing that they did not have notice of prior similar conduct by the offending students. The Supreme Court denied those branches of the appellants' motion which were for summary judgment dismissing the causes of action alleging negligent supervision of students and negligent hiring and retention insofar as asserted against them.

The Supreme Court properly denied that branch of the appellants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision of students insofar as asserted against them. "Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Here, in support of their motion, the appellants failed to establish, prima facie, that they lacked sufficiently specific knowledge or notice of the dangerous conduct that allegedly caused the infant plaintiff's injuries (*see Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 953 [2015]; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579, 581 [2007]; *Hernandez v City of New York*, 24 AD3d 723 [2005]). The appellants' moving papers failed to eliminate all triable issues of fact as to whether they had knowledge of a particular student's dangerous propensities arising from his involvement in other altercations with the infant plaintiff (*see Smith v Poughkeepsie City School Dist.*, 41 AD3d at 581; *Wood v Watervliet City School Dist.*, 30 AD3d 663, 664 [2006]). The appellants' moving papers also failed to eliminate all triable issues of fact as to whether a teacher failed to take "energetic steps to intervene" to prevent the infant plaintiff's injuries at the hands of a group of his classmates (*Lawes v Board of Educ. of City of N.Y.*, 16 NY2d 302, 305 [1965]; *see McLeod v City of New York*, 32 AD3d 907, 908 [2006]). Thus, the appellants failed to demonstrate their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision of students insofar as asserted against them and, as such, that branch of their motion was properly denied, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The appellants also failed to demonstrate their prima facie entitlement to judgment as a matter of law with respect to the cause of action alleging negligent hiring and retention. Accord-

ingly, the Supreme Court properly denied that branch of their motion which was for summary judgment dismissing this cause of action insofar as asserted against them, regardless of the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Skelos, J.P., Hall, Roman and Duffy, JJ., concur.