■ ADRIANA FERNANDEZ et al., Respondents, v CITY OF YONKERS et al., Appellants. [31 NYS3d 595]—

In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated May 4, 2015, as denied that branch of their motion which was for summary judgment dismissing the cause of action alleging negligent supervision.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Adriana Fernandez allegedly was assaulted by a fellow student at the school she attended. Adriana Fernandez, and her mother Nalgia Fernandez suing derivatively, thereafter commenced this action against the defendants to recover dam-

ages for personal injuries, alleging that they were negligent in supervising Adriana. The Supreme Court denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision.

"[A] school owes a duty to adequately supervise the students in its care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Kelly G. v Board of Educ. of City of Yonkers*, 99 AD3d 756, 757 [2012]; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d 297, 302 [2010]; *Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Ghaffari v North Rockland Cent. School Dist.*, 23 AD3d 342, 343 [2005]). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, the third-party acts could reasonably have been anticipated" (*Mirand v City of New York*, 84 NY2d at 49; *see Brandy B. v Eden Cent. School Dist.*, 15 NY3d at 302; *Brown v South Country Cent. Sch. Dist.*, 137 AD3d 732 [2016]).

Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision. The evidence submitted in support of the motion, including a transcript of the deposition testimony of Adriana, was sufficient to establish, prima facie, that the defendants did not have notice of prior conduct similar to the subject incident (*see Andrew T.B. v Brewster Cent. School Dist.*, 67 AD3d 837, 838 [2009]; *see also Maldari v Mount Pleasant Cent. Sch. Dist.*, 131 AD3d 1019, 1020 [2015]; *Harrington v Bellmore-Merrick Cent. High Sch. Dist.*, 113 AD3d 727, 727-728 [2014]).

In opposition, the plaintiffs raised a triable issue of fact. The plaintiffs submitted, inter alia, a transcript of General Municipal Law § 50-h hearing testimony of Adriana as well as transcripts of the deposition testimony and General Municipal Law § 50-h hearing testimony of her mother, which raised triable issues of fact as to whether the defendants had prior notice of similar conduct (*see Amandola v Roman Catholic Diocese of Rockville Ctr.*, 130 AD3d 761 [2015]; *Smith v Poughkeepsie City School Dist.*, 41 AD3d 579 [2007]; *see also Cruz v Brentwood Union Free Sch. Dist.*, 125 AD3d 924 [2015]; *Khosrova v Hampton Bays Union Free Sch. Dist.*, 99 AD3d 669 [2012]). Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in considering the plaintiffs' untimely opposition papers (*see CPLR 2004, 2214*).

Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging negligent supervision. Hall, J.P., Cohen, Miller and Barros, JJ., concur.