■ Bryan Cruz-Martinez, an Infant, by His Mother and Natural Guardian, Gladys Cruz, et al., Appellants, v Brentwood Union Free School District, Respondent. [46 NYS3d 180]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Santorelli, J.), entered December 8, 2015, which, upon an order of the same court dated October 10, 2015, granting the defendant's motion for summary judgment dismissing the complaint, is in favor of the defendant and against them dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order dated October 20, 2015, is vacated.

On November 26, 2012, the infant plaintiff was a ninth-grade student at the Brentwood Freshman Center. At the beginning of gym class, prior to attendance being taken, the infant plaintiff ran toward a fellow classmate, placed his hands on his shoulders, and jumped over him. The classmate asked the infant plaintiff to do it again, and the infant plaintiff jumped over the classmate again, without incident. The classmate then asked the infant plaintiff to jump over him once again, and when the infant plaintiff attempted to do so, "something popped" in his knee, which caused him to fall to the gym floor and allegedly sustain an injury. At the time of the incident, two teachers were nearby; however, neither saw the incident occur. The infant plaintiff stated that about four to five minutes elapsed between the first and third time he jumped over his classmate. A teacher, however, stated that class began at 1:11 p.m., and that the incident occurred at approximately 1:20 p.m.

The infant plaintiff, by his mother, and his mother, individually, commenced this action to recover damages for personal injuries against the Brentwood Union Free School District, based on, inter alia, a claim of negligent supervision. The defendant moved for summary judgment dismissing the complaint, and the Supreme Court granted the motion. We reverse.

"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *see Rodriguez v Riverhead Cent. School Dist.*, 85 AD3d 1147 [2011]). Contrary to the defendant's contention, it failed to establish, prima facie, that it adequately supervised the plaintiff or that, even if it had, the incident occurred in such a short span of time that it could not have been prevented by the most intense supervision (*see Duffy v Long Beach City Sch.*

*Dist.,* 134 AD3d 761, 764 [2015]; *Weiner v Jericho Union Free School Dist.,* 89 AD3d 728, 730 [2011]; *Luciano v Our Lady of Sorrows School,* 79 AD3d 705, 705 [2010]).

Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied its motion for summary judgment regardless of the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.