■ Thomas Guerriero, an Infant, by His Mother and Natural Guardian, Mary Guerriero, et al., Respondents, v Sewanhaka Central High School District et al., Appellants. [55 NYS3d 85]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Nassau County (Iannacci, J.), entered July 24, 2015, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Floral Park Memorial High School, and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendants'

motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Sewanhaka Central High School District to the extent it alleges damages for loss of services pursuant to the derivative cause of action, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The infant plaintiff, and his mother individually and derivatively, commenced this action against Floral Park Memorial High School (hereinafter the School) and the Sewanhaka Central High School District (hereinafter the School District) to recover damages for injuries the infant plaintiff allegedly sustained when a classmate punched him in the face while the two boys were in a classroom. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The defendants appeal.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the School, as the School is "not a legal entity capable of being sued" (*Matter of Diggs v Board of Educ. of City of Yonkers*, 24 Misc 3d 1235[A], 2009 NY Slip Op 51755[U], *6 [Sup Ct, Westchester County 2009], *revd on other grounds* 79 AD3d 869 [2010]; *see also Eng v State of New York*, 14 Misc 3d 1203[A], 2006 NY Slip Op 52396[U], *2 [Ct Cl 2006]).

With respect to the School District, "[s]chools have a duty to adequately supervise the students in their care, and may be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d 826, 827 [2015]; *see Mirand v City of New York*, 84 NY2d 44, 49 [1994]; *Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d 717, 718 [2016]). "The standard for determining whether the school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see Mirand v City of New York*, 84 NY2d at 49; *Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d at 718). "Where the complaint alleges negligent supervision [against a school district] due to injuries related to an individual's intentional acts, the plaintiff generally must demonstrate that the school [district] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (*Timothy Mc. v Beacon City Sch. Dist.*, 127 AD3d at 828; *see*

*Mirand v City of New York*, 84 NY2d at 49; *Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d at 718). "Actual or constructive notice to the school of prior similar conduct is generally required because school personnel cannot reasonably be expected to guard against all of the sudden, spontaneous acts that take place among students on a daily basis" (*Convey v City of Rye School Dist.*, 271 AD2d 154, 159 [2000]; *see Mirand v City of New York*, 84 NY2d at 49; *Sacino v Warwick Val. Cent. Sch. Dist.*, 138 AD3d at 718; *Mathis v Board of Educ. of City of N.Y.*, 126 AD3d 951, 952 [2015]). "An injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence absent proof of prior conduct that would have put a reasonable person on notice to protect against the injury-causing act" (*Convey v City of Rye School Dist.*, 271 AD2d at 159; *see Mirand v City of New York*, 84 NY2d at 50).

"Even if a breach of the duty of supervision is established, the inquiry is not ended; the question arises whether such negligence was the proximate cause of the injuries sustained" (*Mirand v City of New York*, 84 NY2d at 50). "The test to be applied is whether under all the circumstances the chain of events that followed the negligent act or omission was a normal or foreseeable consequence of the situation created by the school's negligence" (*id.*). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury" (*Convey v City of Rye School Dist.*, 271 AD2d at 160). "Proper supervision depends largely on the circumstances surrounding the event" (*Mirand v City of New York*, 84 NY2d at 51; *see Wood v Watervliet City School Dist.*, 30 AD3d 663, 664-665 [2006]). Moreover, "liability from injury caused by a fight cannot be predicated upon supervisory negligence if the plaintiff voluntarily entered into the fight" (*Janukajtis v Fallon*, 284 AD2d 428, 430 [2001]; *see Keaveny v Mahopac Cent. School Dist.*, 71 AD3d 955, 955 [2010]; *Ambroise v City of New York*, 44 AD3d 805, 806 [2007]; *Williams v City of New York*, 41 AD3d 468, 468-469 [2007]; *McLeod v City of New York*, 32 AD3d 907, 909 [2006]).

Here, the School District failed to demonstrate, prima facie, that the classmate's punching of the infant plaintiff was not foreseeable or that the School District's alleged negligent supervision was not the proximate cause of the infant plaintiff's injuries (*see Mirand v City of New York*, 84 NY2d at 49-50; *Mathis v Board of Educ. of City of N.Y.*, 126 AD3d at 952). The infant plaintiff testified at his deposition, a transcript of which

was submitted in support of the defendants' motion, that approximately one month before he was punched, he informed the teacher that the same classmate had been pushing his head up and down during class and slapping him in the back of his head. Thus, the defendants failed to demonstrate, prima facie, that they lacked notice of the classmate's propensity to assault the infant plaintiff (*see Mirand v City of New York*, 84 NY2d at 49). As to proximate cause, the defendants did not demonstrate, prima facie, that the subject incident occurred so quickly and spontaneously "that even the most intense supervision could not have prevented it" (*Convey v City of Rye School Dist.*, 271 AD2d at 160). To the contrary, the teacher who was in the classroom also testified at her deposition that she glanced up from her computer a few times while her students were entering the classroom. The infant plaintiff also testified at his deposition that the incident occurred when students were entering a classroom, over the course of approximately 1½ to 2 minutes. According to the infant plaintiff, during this 1½-to-2-minute period, the classmate blocked the doorway, pushed the infant plaintiff into a desk, and followed the infant plaintiff to the infant plaintiff's own desk, despite the fact that the boys did not sit near each other. The infant plaintiff testified that he repeatedly told the classmate to stop before the classmate punched him. Under these circumstances, the School District has not shown, prima facie, that the incident "involved the type of unforeseeable, spontaneous acts of violence for which school districts cannot be held liable" (*Mirand v City of New York*, 84 NY2d at 50), or that the teacher had no time to prevent the infant plaintiff's injuries and, therefore, the alleged negligent supervision was not a proximate cause of the infant plaintiff's injuries (*see Wood v Watervliet City School Dist.*, 30 AD3d at 664-665). Moreover, the School District did not demonstrate, prima facie, that the infant plaintiff voluntarily entered into a fight with the classmate; rather, the infant plaintiff's testimony demonstrated the existence of triable issues of fact as to whether he acted in self-defense (*see Ambroise v City of New York*, 44 AD3d at 806; *McLeod v City of New York*, 32 AD3d at 909). Because the School District did not meet its prima facie burden, we do not consider the sufficiency of the plaintiffs' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Finally, as to the mother's derivative cause of action to recover damages for medical expenses and loss of services, the defendants demonstrated, prima facie, only that the mother had no damages with respect to loss of services. In opposition, the plaintiffs failed to raise a triable issue of fact (*see id.*). Ac-

cordingly, with respect to damages on the derivative cause of action, the Supreme Court should have limited the issue for trial to the mother's claim for medical expenses (*see* CPLR 3212 [g]; *Bonner v Hill*, 302 AD2d 544, 545 [2003]). Mastro, J.P., Sgroi, Maltese and Duffy, JJ., concur.