In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Suffolk County (Hudson, J.), dated October 21, 2016, which denied its motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff “RT” (hereinafter the infant plaintiff) allegedly was assaulted by a classmate during a class at a public school within the defendant, Three Village Central School District. The classmate allegedly grabbed the infant plaintiff by the back of his head and pushed his face into a table at which they were working during class. The infant plaintiff, and his mother suing derivatively, commenced this action against the defendant, alleging, among other things, negligent supervision. The defendant moved for summary judgment dismissing the complaint, arguing that it did not have notice of prior similar conduct by the classmate and that any lack of supervision was not a proximate cause of the injuries allegedly sustained by the infant plaintiff. The Supreme Court denied the motion, and the defendant appeals.
“Schools are under a duty to adequately supervise the students in their charge and they will be held liable for fore *748 seeable injuries proximately related to the absence of adequate supervision” (Mirand v City of New York, 84 NY2d 44, 49 [1994]; see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832-833 [2017]; Cruz-Martinez v Brentwood Union Free Sch. Dist., 147 AD3d 722 [2017]; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952-953 [2015]). “In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated” (Mirand v City of New York, 84 NY2d at 49; see Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d 552, 553 [2005]). Actual or constructive notice to the school of prior similar conduct generally is required, and “an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence” (Mirand v City of New York, 84 NY2d at 49; see Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d at 553). A plaintiff also must establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (see Mirand v City of New York, 84 NY2d at 50; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d at 553). The adequacy of a school’s supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff’s injury {see DiGiacomo v Town of Babylon, 124 AD3d 828, 829 [2015]; Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894 [2013]).
Here, contrary to the defendant’s assertions, it failed to demonstrate, prima facie, that the classmate’s grabbing of the infant plaintiff’s head and pushing it down into the table was not foreseeable or that the defendant’s alleged negligent supervision was not a proximate cause of the infant plaintiff’s injuries (see Mirand v City of New York, 84 NY2d at 49-50; Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d at 832-834; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952). The defendant’s motion papers demonstrated the existence of triable issues of fact as to whether the defendant had knowledge of the offending classmate’s dangerous propensities due to his involvement in other altercations with classmates in the recent past (see Mathis v Board of Educ. of City of N.Y., *749 126 AD3d at 952). Thus, the defendant failed to establish, prima facie, that it lacked sufficiently specific knowledge or notice of the dangerous conduct that caused the alleged injuries to the infant plaintiff. As to proximate cause, the defendant did not demonstrate, prima facie, that the subject incident occurred so quickly and spontaneously “that even the most intense supervision could not have prevented it” (Convey v City of Rye School Dist., 271 AD2d 154, 160 [2000]). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we do not consider the sufficiency of the plaintiffs’ opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court properly denied the defendant’s motion for summary judgment dismissing the complaint.
Mastro, J.P., Rivera, Hall and Maltese, JJ., concur.