Murray v Ardsley Union Free Sch. Dist. (2018 NY Slip Op 04553)





Murray v Ardsley Union Free Sch. Dist.


2018 NY Slip Op 04553


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2017-01592
 (Index No. 71733/14)

[*1]Carlyn Murray, etc., plaintiff, 
v
Ardsley Union Free School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Kathleen D. Foley of counsel), for appellant.
Levine & Gilbert, New York, NY (Harvey A. Levine and Richard A. Gilbert of counsel), for plaintiff.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Mary H. Smith, J.), dated February 2, 2017. The order, insofar as appealed from, denied that branch of the defendant's unopposed motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On either June 18 or 19, 2014, the plaintiff's child, while on his way to gym class at Ardsley Middle School, allegedly was injured when his right hand got caught in a door as it was closing. According to the child, upon walking into the gym, he let go of the door, which he described as heavy, and, just as it was about to close, the gym teacher told him not to let the door slam shut. His hand got caught as he was reaching back to stop the door from closing.
The plaintiff, individually and on behalf of the child, commenced this action against the Ardsley Union Free School District, alleging, inter alia, negligent supervision. After joinder of issue, the defendant moved for summary judgment dismissing the complaint. The Supreme Court, inter alia, denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision. The defendant appeals.
Schools are under a duty to supervise students in their charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision (see Mirand v City of New York, 84 NY2d 44, 49; RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 748; Amandola v Roman Catholic Diocese of Rockville Ctr., 130 AD3d 761, 763). "Schools are not insurers of safety, however, for they cannot reasonably be expected to continuously supervise and control all movements and activities of students" (Mirand v City of New York, 84 NY2d at 49).
Under the particular facts of this case, viewing the evidence in the light most favorable to the plaintiff, the defendant failed, prima facie, to eliminate triable issues of fact as to the adequacy of the supervision provided by the defendant (see Choudhury v City of New York, 106 [*2]AD3d 523). Therefore, that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging negligent supervision was properly denied, notwithstanding the plaintiff's failure to submit opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
CHAMBERS, J.P., COHEN, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court