Gaston v East Ramapo Cent. Sch. Dist. (2018 NY Slip Op 06720)





Gaston v East Ramapo Cent. Sch. Dist.


2018 NY Slip Op 06720


Decided on October 10, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 10, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-00219
 (Index No. 35137/15)

[*1]Shawn Gaston, respondent,
v
East Ramapo Central School District, appellant.


Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY (Michael T. Reagan of counsel), for appellant.
Neimark & Neimark LLP, New City, NY (Ira H. Lapp of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated November 28, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging inadequate security, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On March 10, 2015, the plaintiff was stabbed during an altercation with a classmate in a hallway at Spring Valley High School in Rockland County. Thereafter, the plaintiff commenced this action against the defendant, East Ramapo Central School District (hereinafter the District), to recover damages for personal injuries, alleging negligent supervision and inadequate security. The District moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated November 28, 2017, the Supreme Court denied the District's motion, and the District appeals.
"Schools are under a duty to adequately supervise the students in their charge and they will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Mirand v City of New York, 84 NY2d 44, 49; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d 747, 747-748; Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 832-833; Cruz-Martinez v Brentwood Union Free Sch. Dist., 147 AD3d 722; Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952-953). "In determining whether the duty to provide adequate supervision has been breached in the context of injuries caused by the acts of fellow students, it must be established that school authorities had sufficiently specific knowledge or notice of the dangerous conduct which caused injury; that is, that the third-party acts could reasonably have been anticipated" (Mirand v City of New York, 84 NY2d at 49; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d 552, 552). Actual or constructive notice to the school of prior similar conduct generally is required, and "an injury caused by the impulsive, unanticipated act of a fellow student ordinarily will not give rise to a finding of negligence" (Mirand v City of New York, 84 [*2]NY2d at 49; see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 952-953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d at 552-553). A plaintiff also must establish that the alleged breach of the duty to provide adequate supervision was a proximate cause of the injuries sustained (see Mirand v City of New York, 84 NY2d at 50; RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 953; Whitfield v Board of Educ. of City of Mount Vernon, 14 AD3d at 553). The adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury (see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; DiGiacomo v Town of Babylon, 124 AD3d 828, 829; Braunstein v Half Hollow Hills Cent. Sch. Dist., 104 AD3d 893, 894).
Here, the District failed to demonstrate, prima facie, that the assault on the plaintiff was not foreseeable or that the District's alleged negligent supervision was not a proximate cause of the plaintiff's injuries (see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 748; Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d at 832-834; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 953). The District failed to eliminate triable issues of fact as to whether it had knowledge of the offending student's dangerous propensities based on his involvement in other assaultive altercations with fellow students in the recent past (see RT v Three Vil. Cent. Sch. Dist., 153 AD3d at 747; Mathis v Board of Educ. of City of N.Y., 126 AD3d at 953). Thus, the District failed to establish, prima facie, that it lacked sufficiently specific knowledge or notice of the dangerous conduct that caused the alleged injuries to the plaintiff. As to proximate cause, the District failed to demonstrate, prima facie, that the subject incident occurred so quickly and spontaneously "that even the most intense supervision could not have prevented it" (Convey v City of Rye School Dist., 271 AD2d 154, 160). Since the District did not establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging negligent supervision, we do not consider the sufficiency of the plaintiff's opposition papers in that regard (see Alvarez v Prospect Hosp., 68 NY2d 320). Accordingly, we agree with the Supreme Court's determination to deny that branch of the District's motion which was for summary judgment dismissing the cause of action alleging negligent supervision.
However, the District established, prima facie, its entitlement to judgment as a matter of law dismissing the cause of action alleging inadequate security by demonstrating that there was no special relationship giving rise to a special duty to protect the plaintiff. In opposition, the plaintiff failed to raise a triable issue of fact in this regard (see Weisbecker v West Islip Union Free Sch. Dist., 109 AD3d 657). Accordingly, the Supreme Court should have granted that branch of the District's motion which was for summary judgment dismissing the cause of action alleging inadequate security.
ROMAN, J.P., SGROI, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court