B.T. v Bethpage Union Free Sch. Dist. (2019 NY Slip Op 04442)





B.T. v Bethpage Union Free Sch. Dist.


2019 NY Slip Op 04442


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-01146
 (Index No. 600866/16)

[*1]B.T., etc., et al., respondents, 
v
Bethpage Union Free School District, appellant.


Ahmuty, Demers & McManus, Albertson, NY (Nicholas M. Cardascia and Glenn A. Kaminska of counsel), for appellant.
Sunshine Isaacson & Hecht, LLP, Jericho, NY (Jeffrey A. Sunshine of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), entered December 20, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On April 21, 2015, the infant plaintiff and her classmates, who were then in the eighth grade, were instructed by their gym teacher to run around the perimeter of their school building. The infant plaintiff allegedly was injured, when, during the course of the run, she attempted to jump over a chain suspended between two poles, and she tripped and fell. The infant plaintiff, by her mother and natural guardian, and her mother suing individually, commenced this personal injury action against the defendant, Bethpage Union Free School District (hereinafter the school district).
The infant plaintiff testified at her deposition that the gym teacher did not instruct her not to jump over anything, and that approximately 20 students jumped over the chain before she attempted to do so. She initially did not know what the other students were jumping over, and she realized that they were jumping over the chain when she was approximately five feet away from it. The infant plaintiff was still jogging at that point. She did not see the chain until she was very close to it because the chain "blend[ed] in." The gym teacher testified at his deposition that the students usually ran on a grassy area around the perimeter of a field. On the day of the accident, however, he instructed the infant plaintiff and her classmates to run around the perimeter of the school building because the grassy area was too wet and muddy. He had never before instructed that class to run around the perimeter of the building. The gym teacher also testified that he instructed the students to avoid the chain, that he ran behind the students, and that, when he reached the chain, he observed students running around it.
The school district moved for summary judgment dismissing the complaint, contending, inter alia, that its supervision of the infant plaintiff was adequate and proper, and that any alleged inadequacy in supervision was not a proximate cause of the infant plaintiff's injuries because the accident occurred in such a short span of time that even the most intense supervision [*2]could not have prevented it. In an order entered December 20, 2017, the Supreme Court denied the school district's motion. The school district appeals.
"While a school district is not an insurer of the safety of its students, since it cannot reasonably be expected to continuously supervise and control all of their movements and activities, it has a duty to adequately supervise the students in its charge and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Hinz v Wantagh Union Free Sch. Dist., 165 AD3d 1074, 1075-1076; see Mirand v City of New York, 84 NY2d 44, 49; Santos v City of New York, 138 AD3d 968, 969). "Where an accident occurs in so short a span of time that even the most intense supervision could not have prevented it, any lack of supervision is not the proximate cause of the injury and summary judgment in favor of the school defendant is warranted" (Hinz v Wantagh Union Free Sch. Dist., 165 AD3d at 1076; see Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831, 833; Santos v City of New York, 138 AD3d at 969).
Here, the school district failed to demonstrate, prima facie, that it provided adequate supervision, or that a lack of adequate supervision was not a proximate cause of the infant plaintiff's injuries (see M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953, 955; Guerriero v Sewanhaka Cent. High Sch. Dist., 150 AD3d 831; DiGiacomo v Town of Babylon, 124 AD3d 828; see generally Braile v Patchogue Medford Sch. Dist. of Town of Brookhaven, Suffolk County, N.Y., 123 AD3d 960). Since the school district failed to establish its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The school district's remaining contentions are either without merit or not properly before this Court.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court