Trunco v Eastport- S. Manor Cent. Sch. Dist. (2025 NY Slip Op 02951)

Trunco v Eastport- S. Manor Cent. Sch. Dist.

2025 NY Slip Op 02951

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-03972
 (Index No. 602480/21)

[*1]Robert Trunco, Sr., appellant, 
v
Eastport- South Manor Central School District, etc., et al., respondents.

Weitz & Luxenberg, P.C., New York, NY (Jared Lacertosa of counsel), for appellant.
Volz & Vigliotta, PLLC, Nesconset, NY (Josehua Shteierman of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Christopher Modelewski, J.), dated February 21, 2024. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the second cause of action and the fourth through sixth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were for summary judgment dismissing the second cause of action and the fourth through sixth causes of action are denied.
The plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) alleging, inter alia, that the defendants negligently failed to prevent sexual abuse perpetrated by a teacher employed by the defendants. The defendants moved, among other things, for summary judgment dismissing the second cause of action, alleging negligence, and the fourth through sixth causes of action, alleging negligent hiring, negligent supervision and training, and negligent retention, respectively. The defendants argued, inter alia, that they did not have actual or constructive notice of the teacher's alleged propensity to engage in sexual abuse or of the abuse that he allegedly perpetrated. By order dated February 21, 2024, the Supreme Court, among other things, granted those branches of the defendants' motion. The plaintiff appeals.
"Although an employer cannot be held vicariously liable for torts committed by an employee who is acting solely for personal motives unrelated to the furtherance of the employer's business, the employer may still be held liable under theories of negligent hiring, retention, and supervision of the employee" (Johansmeyer v New York City Dept. of Educ., 165 AD3d 634, 635 [citations and internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d 845, 846). "[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury"
(D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097 [internal quotation marks omitted]; see Johansmeyer v New York City Dept. of Educ., 165 AD3d at 635). "The employer's negligence lies in having placed the employee in a position to cause foreseeable harm, harm which [*2]would most probably have been spared the injured party had the employer taken reasonable care in making decisions respecting the hiring, . . . retention, or supervision of the employee" (Sayegh v City of Yonkers, 228 AD3d 690, 691 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 846-847).
Moreover, a school "has a duty to exercise the same degree of care toward its students as would a reasonably prudent parent, and will be held liable for foreseeable injuries proximately related to the absence of adequate supervision" (Destiny S. v John Quincy Adams Elementary Sch., 98 AD3d 1102, 1102; see J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d 722, 723). "The standard for determining whether a school has breached its duty is to compare the school's supervision and protection to that of a parent of ordinary prudence placed in the same situation and armed with the same information" (J.B. v Monroe-Woodbury Cent. Sch. Dist., 224 AD3d at 723; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847). "Where the complaint alleges negligent supervision due to injuries related to an individual's intentional acts, the plaintiff generally must allege that the [school] knew or should have known of the individual's propensity to engage in such conduct, such that the individual's acts could be anticipated or were foreseeable" (Kwitko v Camp Shane, Inc., 224 AD3d 895, 896 [internal quotation marks omitted]; see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d 914, 916). Therefore, "[a]ctual or constructive notice to the school of prior similar conduct generally is required" (Mathis v Board of Educ. of City of N.Y., 126 AD3d 951, 952; see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 916). However, "[t]he adequacy of a school's supervision of its students is generally a question left to the trier of fact to resolve, as is the question of whether inadequate supervision was the proximate cause of the plaintiff's injury" (Sayegh v City of Yonkers, 228 AD3d at 692 [internal quotation marks omitted]; see MCVAWCD-DOE v Columbus Ave. Elementary Sch., 225 AD3d at 847).
Here, the defendants failed to establish, prima facie, that they were not negligent with respect to the hiring of the teacher. The defendants' submissions in support of their motion failed to eliminate triable issues of fact as to whether they took appropriate measures to evaluate the teacher's employment and fitness at the time he was hired (see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 916; D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d at 1097).
Moreover, the defendants failed to establish, prima facie, that they lacked constructive notice of the teacher's alleged abusive propensities and conduct (see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 916; Sayegh v City of Yonkers, 228 AD3d at 692). Considering, among other things, the frequency of the alleged abuse, which occurred over the course of two school years, inter alia, in a classroom and inside the teacher's vehicle, the defendants did not eliminate triable issues of fact as to whether they should have known of the alleged abuse (see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 916-917; Johansmeyer v New York City Dept. of Educ., 165 AD3d at 636). The defendants also failed to demonstrate, prima facie, that their supervision of both the teacher and the plaintiff was not negligent (see Brauner v Locust Val. Cent. Sch. Dist., 234 AD3d at 917; Sayegh v City of Yonkers, 228 AD3d at 692).
Accordingly, since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied those branches of their motion which were for summary judgment dismissing the second cause of action and the fourth through sixth causes of action, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court